IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-73,339-02, WR-73,339-03 AND WR-73,339-04






EX PARTE JARRICK RYAN CROWE, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W04-32791-P(A), W04-35666-P(A) AND W04-43278-P(A) 


IN THE 203RD JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty in
these and one other case to two charges of robbery, and two charges of aggravated robbery, in
exchange for deferred adjudication community supervision. He was later adjudicated guilty and
sentenced to fifteen years' imprisonment in each case. 

 Applicant's direct appeals were dismissed for want of jurisdiction. Crowe v. State, Nos. 05-07-00462-CR, 05-07-00463-CR, 05-07-00464-CR, and 05-07-00465-CR (Tex. App. - Dallas, May
27, 2008, no pet.). The appellate mandate issued in the -02, -03, and -04 cases on February 25, 2009,
but in the -01 cause the mandate did not issue until September 29, 2009. Applicant filed all four
writs in the district court on September 15, 2009. Because the direct appeal was still pending in the
-01 cause on that date, the -01 writ must be dismissed. 

 In the -02, -03 and -04 writs, Applicant contends that he was denied due process because the
adjudication of guilt was based on insufficient evidence. Because Applicant's guilt was adjudicated
prior to June 15, 2007, he was statutorily barred from appealing the trial court's decision to proceed
to adjudication of guilt. However, the statutory prohibition of an appeal from a decision to
adjudicate guilt does not prohibit a collateral attack on the determination to adjudicate guilt through
habeas corpus because appellate proceedings are different from collateral, post-conviction
proceedings. Ex parte Carmona, 185 S.W.3d 492, 496 (Tex. Crim. App. 2006). 

 The habeas records do not contain any information regarding the basis for the trial court's
decision to proceed to adjudication of guilt in these cases. In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the records with copies of the State's motions to
proceed to adjudication in these cases, and with the judgments adjudicating guilt. The trial court
shall make findings of fact as to which conditions of community supervision Applicant was accused
of violating, and as to what Applicant's plea as to those alleged violations was. The trial court shall
make findings as to what evidence of the violations was presented, and as to which alleged violations
were found to be true. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 3, 2010

Do not publish